UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DONYALL E. WHITE-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:20-cv-00147-JPH-DLP |
| | ) |
| ERIC J. HOLCOMB, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Screening and Dismissing Complaint and Directing Plaintiff to Show Cause**

**I.      Screening and Dismissing Complaint**

**A.      Screening Standard**

Plaintiff Donyall E. White-Bey is currently incarcerated at Putnamville Correctional Facility (Putnamville). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### B. The Complaint

Mr. White-Bey's complaint names eleven individual defendants: Governor Eric Holcomb, Indiana Department of Correction Commissioner Robert Carter, Chair of Parole Board Gwendolyn Horth, Vice-Chair of Parole Board Charles F. Miller, Board Member Thor R. Miller, Board Member James W. Shaffer, Board Member Fredrick A. Medley, Superintendent Brian Smith, Case Manager Reedy, Case Manager Kemp, and Putnamville Head of Classification Murry. The complaint lists several federal and state statutes as alternate bases for his claim that he has been imprisoned unlawfully. Mr. White-Bey seeks monetary damages. He has also filed a preliminary injunction, dkt. [13], again asserting wrongful imprisonment and seeking immediate release.

### C. Discussion of Claims

Mr. White-Bey's complaint fails to state a claim upon which relief may be granted and is **dismissed** pursuant to 28 U.S.C. § 1915A for the following reasons.

First, "*Heck [v. Humphrey,* 512 U.S. 477 (1994)], bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence." *Wiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

corpus." *Heck*, 512 U.S. at 486-487. Mr. White-Bey has not made the necessary showing regarding his conviction and sentence.

Second, Mr. White-Bey is, in essence, challenging the validity of his Indiana state conviction and seeking money damages. *See* dkt. [1] at 5 (alleging that he is "wrongfully imprisoned" and entitled to "1.6 million a day for injury damages"). Mr. White-Bey's claim is therefore a habeas/civil rights hybrid claim that cannot proceed. A civil rights action is the appropriate vehicle to seek monetary damages, but a writ of habeas corpus is the exclusive remedy to challenge the fact or duration of confinement. *Nelson v. Campbell*, 541 U.S. 637, 646 (2004) ("[D]amages are not an available habeas remedy."); *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) ("[H]abeas corpus is not an appropriate or available remedy for damages claims."). Mr. White-Bey's exclusive remedy is a habeas petition, so this claim must be dismissed.

Accordingly, Mr. White-Bey's complaint must be **dismissed for failure to state a claim upon which relief can be granted** pursuant to 28 U.S.C. § 1915A(b) and his motion for preliminary injunction seeking release, dkt. [13], is **denied as moot**.

## II.     Further Proceedings

The plaintiff shall have **through August 17, 2020,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). If the plaintiff fails to show cause, the action will be dismissed for the reasons set forth in this Entry without further notice.

The clerk **is directed** to update the docket to include Mr. White-Bey's prisoner ID number: #980181.

**SO ORDERED.**

Date: 7/29/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DONYALL E. WHITE-BEY
#980181
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only